# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>ALFONSO PAGADUAN and EDITHA PAGADUAN,<br><br>  Debtors.<br>_____,<br><br>RANDOLPH GOLDBERG,<br><br>  Appellant,<br><br>vs.<br><br>ALFONSO PAGADUAN, and<br>EDITHA PAGADUAN,<br><br>  Appellees, | 2:10-cv-00588-KJD (PAL)<br><br>BK-S-09-17963-BAM<br><br>**O R D E R** |

    Presently before the Court is the Appeal of Randolph H. Goldberg from the Opinion and Order regarding sanctions of the United States Bankruptcy Court for the District of Nevada. An opening brief was filed by Appellant (#9). Appellees, Alfonso Pagaduan and Editha Pagaduan failed to file an Appellees' Brief. The U.S. Trustee was directed to file a response to Appellant's Opening Brief, however failed to do so.

## FACTUAL BACKGROUND

    Appellant Randolph Goldberg appeals the Order of the Bankruptcy Court, Honorable Bruce Markell presiding, wherein the Bankruptcy Judge imposed sanctions against Appellant in connection with his representation of Alfonso Pagaduan and Editha Pagaduan in bankruptcy court.

    Appellant first challenges the actions of the bankruptcy judge in subpoenaing Editha Pagaduan to testify regarding her Complaints regarding Appellant's representation. Thereafter, the

1   Court struck its own subpoena, however, continued to take evidence from the subpoenaed witness.
2   Appellant requests that the entire testimony of the witness be stricken.
3        Appellant also appeals the finding of the Bankruptcy Court that Appellant committed
4   forgery in connection with the certification that the Pagaduans had completed a required credit
5   counseling class before filing their petition in bankruptcy.
6        Appellant also appeals the monetary sanction requiring him to pay to the Court sanctions of
7   $4,920.00, the expected fee from the debtors.
8        Appellant also appeals the bankruptcy judge's referral of the case to the U.S. Attorney for
9   purposes of criminal prosecution and to the State Bar of Nevada for disciplinary action.
10       Finally, Appellant appeals the extension of an earlier sanction order entered against him in
11  In Re: Sanford, wherein Appellant was ordered to provide a copy of the sanction order to each
12  client for which he files a bankruptcy petition, once his aggregate billings for that client, for one
13  case or related matters, exceed five thousand ($5,000) dollars.

## ANALYSIS

**Questioning of Editha Pagaduan**

Appellant has provided no authority in support of his contention that a judge may not question a witness whose presence has been obtained through wrongful issuance of a subpoena. It is undisputed that judges are allowed to ask questions of witnesses. If the witness is improperly subpoenaed, and the subpoena quashed, the witness may refuse to testify and is free to depart the courtroom. There is nothing in the record which suggests that the testimony of Mrs. Pagaduan was anything less than voluntary.

**Credit Counseling**

With respect to the bankruptcy court's finding of fraud regarding the credit counseling class, Appellant argues that the Debtors signed documents attesting to their completion of the course. Appellant also argues that Mrs. Pagaduan was "technologically challenged" and may not

have understood that she was participating in the required activity.  On the other hand, Appellant's witnesses had no specific recollection of the Pagaduans and could only testify concerning standard practices in the office.  A letter from the Pagaduans complaining that they never intended to file a Chapter 13 when, in fact, they signed numerous documents authorizing Appellant to do so, strongly suggests that they were less than fully aware of what they were doing and what they were signing during the two visits to Appellant's offices.  The evidence as to whether the Pagaduans had taken the consumer credit counseling course, is mixed.  A bankruptcy court's findings of fact will not be set aside unless they are clearly erroneous.  Due regard must be given to the bankruptcy court's opportunity to judge the credibility of witnesses.  See In Re Daniels-Head & Assoc. v. William M. Mercer, Inc., 819 F.2d 914 (9th Cir. 1987). Appellant cannot escape responsibility by delegating to others and not having mechanisms in place to assure that filing requirements are completed.  Accordingly, the bankruptcy court's factual determination as to whether or not the debtors had completed the consumer credit counseling requirement must be sustained.

**Sanctions in this case**

The matter of sanctions is well within the discretion of the bankruptcy court.  Appellant incorrectly states that he was ordered to pay almost $5,000.00 back to the Pagaduans.  The order clearly states, however, that the sanction is to be paid to the Court.  Evidence that Appellant had been previously sanctioned further supports the action of the bankruptcy judge.  The observation of the bankruptcy judge that the Court  "has had the benefit of observing Goldberg's practices over time, and the results of these observations are grim," evidences the need for corrective action.  A sanction of $4,920 payable to the Court is consistent with the progressive nature of discipline where previous sanctions have had little or no effect.

**Reporting to State Bar and Prosecutors**

Reporting of professional misconduct is mandatory for Nevada lawyers.  Rules of Professional Conduct, Rule 8.2.  Appellant has provided no authority that an appellate court may

3

reverse a trial court's decision to make a disciplinary referral to the state bar or a criminal referral to government prosecutors.  Those agencies are perfectly capable of determining whether there are grounds on which to proceed.  Prudential considerations argue against any interference with that process.

**<u>Extension of Sanctions - In Re: Sanford</u>**

Troubling is the extension or modification of the sanctions order of <u>In Re: Sanford</u>. Principles of res judicata and finality suggest that the earlier sanction should not be revisited except for purposes of clarification, or to respond to violations of that order.  There is no evidence the order has been violated.  It is, however, taken into consideration in affirming the increased sanction in the instant case.  A court may, on its own, correct clerical mistakes or a mistake arising from oversight or omission, however there is no authority for further extension of the <u>Sanford</u> order.  <u>See</u> Fed.R.Civ.P.60(a).

### **<u>CONCLUSION</u>**

The Court finds that the disciplinary process conducted by the bankruptcy court was fair and appropriate.  Appellant was given notice of the issues and an opportunity to be heard.  There was substantial evidence adduced at the hearing from which the bankruptcy judge could find that sanctions are in order.  The sanctions imposed were reasonable as to amount and scope and should be affirmed in all respects, except the extension of sanctions of <u>In Re: Sanford</u> .

Accordingly, IT IS HEREBY ORDERED that the Opinion and Order of the bankruptcy court regarding sanctions is **AFFIRMED in part and VACATED in part**.

DATED:  March 25, 2011

_____
Kent J. Dawson
United States District Judge

4